IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>LEALLEN BLACKHAIR,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING IN PART AND OVERRULING IN PART OBJECTIONS TO THE PSR<br><br>Case No. 2:18-cr-00016-JNP<br><br>District Judge Jill N. Parrish |

　　Before the court are objections to the PSR made by defendant Leallen Blackhair. ECF No. 134. The court AFFIRMS IN PART and OVERRULES IN PART the objections.

　　Blackhair first objects to paragraphs 20 and 88 of the PSR. These paragraphs state that 18 U.S.C. § 3663A requires Blackhair to pay restitution in the amount of $109,925 to 66 identified victims. Blackhair argues that these paragraphs are incorrect because they contemplate restitution for uncharged conduct. The court agrees. Under § 3663A, the court may order restitution "only for losses caused by the conduct underlying the offense of conviction." *United States v. Mendenhall*, 945 F.3d 1264, 1267–68 (10th Cir. 2019) (quoting *Hughey v. United States*, 495 U.S. 411, 416 (1990)). Accordingly, the court affirms Blackhair's objection and directs the probation officer to amend paragraphs 20 and 88 to reflect that restitution shall be ordered for losses caused only by the conduct for which he pled guilty in Counts One through Nine of the Indictment.

　　Next, Blackhair objects to paragraph 28 of the PSR, which computes an eight-point enhancement to the base offense level based on a calculated loss amount of $109,925 to 66

identified victims. This calculation is based upon both the charged conduct and acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Blackhair does not challenge the PSR's assessment that $109,925 loss amount was properly calculated for both the charged acts and the related course of conduct. He asserts, however, that the relevant statute of limitations for the charges against him, 18 U.S.C. § 3282(a), prohibits courts from considering acts outside of the five-year statute of limitations when determining the appropriate guideline range. Thus, he argues that amounts outside of the limitations period must be excluded from the loss amount calculation.

The court disagrees with Blackhair. The Tenth Circuit addressed a nearly-identical statute-of-limitations argument in *United States v. Neighbors*, 23 F.3d 306, 310–11 (10th Cir. 1994). In that case, the defendant asserted that the district court erred by considering drug quantities related to acts outside of the statute of limitations when calculating the offense level. The Tenth Circuit rejected this contention, stating:

> Statutes of limitations play no role in the sentencing phase of a criminal proceeding. Section 1B1.3(a)(2) of the Sentencing Guidelines does not limit acts that are " 'part of the same course of conduct or scheme or plan' to the period covered by the statute of limitations." *United States v. Lokey,* 945 F.2d 825, 840 (5th Cir.1991). *See also, United States v. Moore,* 927 F.2d 825, 828 (5th Cir.1991), *cert. denied,* 502 U.S. 871, 112 S.Ct. 205, 116 L.Ed.2d 164 (1991) where the Fifth Circuit stated that there "is no separate statute of limitations beyond which relevant conduct suddenly becomes irrelevant."

*Neighbors*, 23 F.3d at 311. The *Neighbors* court reasoned that because all of the drug transactions were "relevant conduct," the district court did not err by considering transactions outside of the statute of limitations.

2

Blackhair acknowledges *Neighbors* but argues that this case holds only that § 1B1.3(a)(2) does not limit the course-of-conduct analysis to the period covered by the statute of limitations. Blackhair contends that he is asserting a different argument here—that § 3282(a) prohibits courts from considering conduct outside of the limitations period. Blackhair's reading of *Neighbors* is unreasonably cramped. The defendant in *Neighbors* asserted the same argument at issue in this case. He contended that the court could not consider conduct that occurred prior to the limitations period in calculating the offense level under the Sentencing Guidelines. The Tenth Circuit rejected this argument, holding that "[s]tatutes of limitations play no role in the sentencing phase of a criminal proceeding." *Neighbors*, 23 F.3d at 311. This was not a narrow holding about the meaning of a specific phrase found in § 1B1.3(a)(2). Instead, the *Neighbors* court broadly held that statutes of limitation do not limit the period of time that the court can consider for relevant conduct. The court is bound by this holding. *See United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022). ("[U]nless and until the holding of a prior decision is overruled by the Supreme Court or by the en banc court, that holding is the law of this Circuit *regardless of what might have happened had other arguments been made to the panel that decided the issue first.*" (Citation omitted)). Accordingly, the court overrules Blackhair's objection as to the calculation of his offense level.

DATED August 16, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge